UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | | |
|---|---|---|---|
| MICHAEL BAXTER, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 2:09-CR-94-JRG-MCLC-1 |
| | ) | | 2:16-CV-227-JRG |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 34]. He bases the request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States responded in opposition on August 11, 2016 [Doc. 37]. Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons below, Petitioner's § 2255 motion [Doc. 34] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.      **BACKGROUND**

In 2009, Petitioner pled guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) [Presentence Investigation Report (PSR) ¶¶ 1–2]. Based on one prior Tennessee conviction for armed robbery [*Id.* ¶ 32], one prior Ohio conviction for armed robbery [*Id.* ¶ 29], and one prior Ohio conviction for assault with a deadly weapon [*Id.* ¶ 31], the United States Probation Office deemed Petitioner to be an armed career criminal subject to the ACCA's fifteen-year mandatory minimum sentence. In accordance with that designation, the Court

sentenced Petitioner to 180 months imprisonment on February 17, 2010 [Doc. 29]. Petitioner did not appeal his conviction or sentence and, as a result, they became final for purposes of § 2255(f)(1) on March 3, 2010. *See Sanchez-Castello v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining that an unappealed judgment becomes final after the period for filing a direct appeal).

Over six years later—on June 26, 2016, Petitioner filed the instant petition for collateral relief based on the *Johnson* decision [Doc. 34 (challenging ACCA designation)].

## II.   STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III.   ANALYSIS

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added). The provision defines "serious drug offense" as any "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a

2

controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The Act goes on to define "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). For purposes of § 924(e)(B)(2)(i), "the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 130 S. Ct. 1265, 1271 (2010). Only the residual clause was held to be unconstitutionally vague by the Supreme Court in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did not call into question the remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses. *Id.*; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015). Nor does *Johnson* disrupt the use of a prior serious drug offense as an independent form of ACCA predicate conviction. *See*, *e.g., United States v. Smith*, No. 10-CR-20058, 2015 WL 5729114, at *9–13 (E.D. Mich. Sept. 20, 2015) (noting that *Johnson* does not affect categorization as an armed career criminal based on prior serious drug offenses).

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "serious drug offenses" under § 924(e)(2)(A) or, in alternative, "violent felonies" under one of the unaffected provisions of § 924(e)(2)(B). *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (denying petition where conviction qualified as a predicate offense independent of the residual clause), *overruled on other grounds by Mathis v.*

3

*United States*, 136 S. Ct. 2243, 2251 n.1 (2016). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

Review of Petitioner's PSR reveals that at least three of his prior convictions remain violent felonies independent of the now-defunct residual provision.[1] As an initial matter, binding Sixth Circuit authority makes clear that his prior Tennessee conviction for armed robbery remains a violent felony under the ACCA's use-of-physical-force clause. *See, e.g.*, *United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (holding that all forms of Tennessee robbery are categorically violent felonies under the ACCA's use-of-physical-force clause); *see also United States v. Kemmerling*, 612 F. App'x 373, 375–76 (6th Cir. 2015) (reiterating that the *Johnson* decision did not affect the use-of-physical-force clause). Further, Petitioner's Ohio convictions for armed robbery and assault with a deadly weapon remain predicates under that same provision.

At the time that Petitioner committed the Ohio robbery offense, the relevant criminal statute read as follows: "[n]o person, while armed with a pistol, knife, or other dangerous weapon, by force or violence, or by putting in fear, shall steal from the person of another anything of value." Ohio Rev. Code § 2901.13 (1969). Requiring that the offender be "armed with a pistol, knife, or other dangerous weapon" and taking occur by way of "force or violence, or by putting in fear" ensures that each violation of that provision involves either the use or

---

[1] Petitioner does not contest the accuracy of the information contained in his presentence report, but only the propriety of the Court's decision to use the offenses listed as grounds for ACCA enhancement.

4

threatened use of violent physical force. As such, the offense qualifies as a violent felony under the use-of-physical-force clause. *See, e.g.*, *United States v. McBride*, No. 15-3759, 2016 WL 3209496, at *2 (6th Cir. June 10, 2016) (finding that committing robbery "by force and violence, or by intimidation" necessarily involves the use or threatened use of violent force); *Braden v. United States*, 817 F.3d 926, 933 (6th Cir. 2016) (finding that committing an assault while "using or displaying a deadly weapon" is categorically a violent felony under the ACCA's use-of-physical-force clause); *see also United States v. Whindleton*, 797 F.3d 105, 114 (1st Cir. 2015) (finding that the Massachusetts offense of assault with a dangerous weapon categorically qualifies as a violent felony under the use-of-physical-force clause because "the element of a dangerous weapon imports the 'violent force' [needed to convert the] otherwise overbroad simple assault statute" into a violent felony).

At the time that Petitioner committed the Ohio assault with a deadly weapon offense, the relevant criminal statute read: "[n]o person shall assault another with a dangerous weapon or instrument or by other means or force likely to produce death or great bodily harm." Ohio Rev. Code § 2901.241 (1973). Again, convictions under this statute necessarily qualify as a predicates under use-of-physical-force clause. *See, e.g.*, *United States v. Collins*, 799 F.3d 554, 597 (6th Cir. 2015) ("[C]rimes which require proof of physical injury necessarily have 'as an element the use, attempted use, or threatened use of physical force against the person of another' and thus qualify as crimes of violence under the 'elements' clause of the ACCA."); *United States v. Anderson*, 695 F.3d 390, 400 (6th Cir. 2012) ("We hold that one can knowingly cause serious physical harm to another only by knowingly using force capable of causing physical pain or injury."). Because at least three of his prior convictions remain predicate violent felonies under

5

provisions unaffected by the *Johnson* decision, Petitioner is not entitled to relief from ACCA enhancement.

## IV.     CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motion [Doc. 34] will be **DENIED** and **DISMISSED WITH PREJUDICE**.  The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE