UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | No. 2:09-CR-00094-JRG-1 |
| MICHAEL RAY BAXTER | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's pro se motion for compassionate release and appointment of counsel [Doc. 40], as supplemented by counsel [Doc. 42]. The United States opposes Defendant's motion [*See* Docs. 45, 47]. Also before the Court is Defendant's motion for status review [Doc. 46]. For the reasons that follow, Defendant's motions will be denied.

**I.     BACKGROUND**

On February 5, 2010, Defendant was sentenced to 180 months of imprisonment based on his conviction for felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) [Doc. 29]. The Defendant is presently housed at Butner Medium I FCI, and according to the Bureau of Prisons ("BOP"), his projected release date is July 10, 2022. *See* Inmate Locator, Bureau of Prisons, https//www.bop.gov.inmateloc/ (search by name) (last visited March 18, 2022). He moves for compassionate release based on his health conditions and COVID-19.

**II.    LEGAL STANDARD**

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir.

2010)).  Section 3582(c)(1)(A)(i) of Title 18, United States Code authorizes district courts to consider defendant motions for sentence reduction based on "extraordinary and compelling reasons."

Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020).  Exhaustion of administrative remedies is a "mandatory condition" for defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). However, because the administrative exhaustion requirement operates as a "claim processing rule," it may be waived or forfeited by the Government.  *Id*. at 833–34.

If the exhaustion requirement has been met, a court may grant a motion for compassionate release if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the court has "considered the factors . . . in 18 U.S.C. § 3553(a), to the extent that they apply." § 3582(c)(1)(A).  However, when the defendant, rather than the BOP, files a motion for compassionate release, the court "may skip step two of the [Section] 3583(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling circumstances' without consulting the policy statement in [U.S.S.G.] § 1B1.13.'" *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). A motion for compassionate release may be denied when one of the substantive requirements is not met.  *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. ANALYSIS

#### A. Exhaustion

Defendant filed a request to be considered for compassionate release with the BOP on May

20, 2020 [Doc. 40-1, at 4–5], and his request was denied on June 12, 2020 [*See id.*]. The Government concedes that the exhaustion requirement has been met [Doc. 45, at 1]. Thus, the Court finds that it has authority under § 3582(c)(1)(A) to address the merits of Defendant's motion.

**B.     Merits**

Defendant is seventy-four (74) years old and suffers from congestive heart failure, hypertension, cataracts, osteoarthritis, and hyperlipidemia, as confirmed by medical records from the BOP [Doc. 48, at 2, 8]. Of Defendant's conditions, the CDC has recognized that congestive heart failure "can" increase the likelihood of severe illness from COVID-19. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 16, 2022). The same is "possibly" true for hypertension. *Id.* While Defendant is fully vaccinated [*see* Doc. 48, at 11] and there is not currently a COVID-19 outbreak at his prison,[1] Defendant's advanced age, in combination with the COVID-19 pandemic, could constitute an extraordinary and compelling circumstance.

However, even if the Court were to find that Defendant has shown extraordinary and compelling reasons for relief, the § 3553(a) factors weigh against a sentence reduction. Under 18 U.S.C. § 3553(a), the Court considers the following factors in determining the sentence to be imposed:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and

---

[1] The BOP reports that Defendant's correctional facility currently has only one confirmed case of COVID-19 among the inmate population and one confirmed case among staff. *COVID-19: Coronavirus*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited March 18, 2022).

> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
>     (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>
> . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; . . .

First, the Court considers Defendant's criminal history. Most strikingly, in August of 2009, the same month that Defendant committed the instant offense, Defendant fatally shot and killed a man [Presentence Report, ¶ 38]. Defendant was ultimately convicted of second-degree murder in state court and received an eighteen-year sentence that runs concurrently with his federal sentence.[2] *See* Felony Offender Information, Tennessee Department of Correction, *available at* https://apps.tn.gov/foil/search.jsp (search by name). Defendant's criminal history also includes convictions for armed robbery, malicious destruction of property, assault with a deadly weapon, armed robbery, and assault [*Id*. at ¶¶ 29–33]. The Court finds that Defendant's criminal history is serious and violent, emphasizing the need for adequate deterrence and protection of the public from future offenses by the Defendant, even at his advanced age.

The Court also considers the nature of the offense in the instant case. In the agreed factual basis for his plea, Defendant admitted that he unlawfully possessed and sold a Marlin, model 60, .22 caliber rifle while he was a convicted felon [*See* Doc. 17]. The Court finds that Defendant's offense was serious, especially given his history of violence involving firearms.

The Court notes that Defendant has served a significant percentage of his sentence, which

---

[2] Defendant's eighteen-year state murder sentence runs concurrently with his federal sentence and is projected to end December 19, 2024. *See* Felony Offender Information, Tennessee Department of Correction, *available at* https://apps.tn.gov/foil/search.jsp (search by name). Accordingly, if the Court were to grant Defendant relief, he would most likely be transferred to state custody.

weighs in his favor. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("[T]he need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate."). As discussed above, the Court also recognizes that Defendant suffers from health problems that may make him particularly vulnerable to COVID-19. Nevertheless, the Court finds that Defendant's history of serious crimes and gun violence outweighs these other considerations.

After considering the applicable § 3353(a) factors and all evidence of record, the Court finds that the § 3353(a) factors weigh against granting compassionate release. A sentence reduction in this case would not reflect the seriousness of the offense of conviction, would not promote respect for the law or provide just punishment, and would not afford adequate deterrence or protect the public from future crimes of this defendant. While the Court acknowledges Defendant's health concerns, on the record before the Court, the sentencing factors weigh against early release, and Defendant's motion for compassionate release will be denied.

Finally, Defendant's motion for status review [Doc. 46] will be denied as moot, as will his motion for appointment of counsel [Doc. 40]. Pursuant to Standing Order 21-09, the Federal Defender Services of Eastern Tennessee ("FDSET") has already been appointed to represent Defendant and a FDSET attorney has filed a supplemental motion on Defendant's behalf [Doc. 42].

## IV. CONCLUSION

For the reasons set forth above, Defendant's pro se motion for compassionate release and appointment of counsel [Doc. 40] and motion for status review [Doc. 46] are **DENIED**.

5
Case 2:09-cr-00094-JRG-MCLC   Document 49   Filed 03/21/22   Page 5 of 6   PageID #: 230

So ordered.

ENTER:

                                              s/J. RONNIE GREER
                                      UNITED STATES DISTRICT JUDGE